IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

JAMES RAY THOMPSON, JR.                                                      PLAINTIFF

      v.                           Civil No. 4:10-cv-04113

SHANNON TUCKETT, Public
Defender; and SHERIFF RON
STOVALL                                                                       DEFENDANTS

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff, James Ray Thompson, Jr. (hereinafter Thompson), filed this civil rights action pursuant to the provisions of 42 U.S.C. § 1983. He proceeds *pro se* and *in forma pauperis*.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2009), the Honorable Harry F. Barnes, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation. The case is before me for pre-service screening under the provisions of the *in forma pauperis* statute. On review, the Court is to dismiss the complaint, or any portion of the complaint, that is frivolous, malicious, or fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

### Background

According to the allegations of the complaint (ECF No. 1) and supplements thereto (ECF Nos. 5, 6, 8), Defendant, Shannon Tuckett (hereinafter Tuckett), was appointed to represent Thompson in a state court criminal case. Thompson was dissatisfied with Tuckett's representation of him and states he asked the Court to appoint another attorney to represent him. Specifically, Thompson alleges Tuckett believed he was guilty and did not assist him in his defense.

At some unspecified date, Jason Mitchell (hereinafter Mitchell) was appointed to represent him (ECF. No. 5 at pg. 1). Thompson was also dissatisfied with Mitchell's representation of him. Thompson has filed a motion to amend the complaint (ECF No. 9) to add Mitchell as a defendant. This motion will be disposed of in a separate order.

Thompson is incarcerated in the Miller County Correctional Facility. Thompson asserts he was moved to a cell in the maximum security pod allegedly because he was "starting trouble [by] being [racial]." (ECF No. 5 pg. 2). He indicates he was not charged with a disciplinary violation. *Id.* Instead, Thompson states he was simply moved, put on lock-down, and had all his privileges taken away from him. *Id.* He cannot use the telephone, watch television, or move around the pod. *Id.* He also indicates he has not had outside recreation in over three weeks. *Id.* Thompson further alleges he is unable to get his hair cut, the help buttons in the cells are turned off, he is only given one roll of toilet paper a week, the pod is overcrowded, he does not always get to shower, and outgoing mail cannot be sealed until it is examined by jail personnel. (ECF No. 8 pg. 2).

## Discussion

The claims against Tuckett are subject to dismissal. To state a claim under § 1983, a Plaintiff must allege that the Defendant, while acting under color of state law, deprived him of a federal right. In *Polk County v. Dodson*, 454 U.S. 312, 325 (1981), the Supreme Court held that a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to indigent defendants in state criminal proceedings. It is clear Thompson's claims against Tuckett cannot proceed as Tuckett was not a Government actor.

## Conclusion

For the reasons stated, I recommend that the claims against Defendant Shannon Tuckett be dismissed. *See* 28 U.S.C. § 1915(e)(2)(B)(I)- (iii) (*in forma pauperis* action may be dismissed on such grounds at any time). By separate order service will be ordered on Sheriff Stovall.

**Thompson has fourteen (14) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. Thompson is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this **30th day of September 2010.**

    /s/ Barry A. Bryant
    HON. BARRY A. BRYANT
    UNITED STATES MAGISTRATE JUDGE