IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

JAMES RAY THOMPSON, JR.                                                                      PLAINTIFF

      v.                         Civil No. 4:10-cv-04113

SHERIFF RON STOVALL;
MS. CHARLOTTE HOLLIVERSE;
and MS. ALICE MILLER                                                                         DEFENDANTS

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

James Ray Thompson, Jr., filed this case pursuant to the provisions of 42 U.S.C. § 1983. He proceeds *pro se* and *in forma pauperis*. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Harry F. Barnes, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation.

Defendants have filed a motion for partial judgment on the pleadings (ECF No. 31) pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Thompson did not file a response to the motion. The motion is before me for issuance of this report and recommendation.

### 1.  Background

Thompson is currently incarcerated in the Cummins Unit of the Arkansas Department of Correction in Grady, Arkansas. During the times relevant to this case, Thompson was incarcerated in the Miller County Correctional Facility (MCCF), located in Texarkana, Arkansas.

Plaintiff originally named as one of the Defendants his public defender, Shannon Tuckett. Tuckett has been dismissed from the case (ECF No. 33) and all allegations relating to her representation of Plaintiff are no longer at issue.

Plaintiff has filed numerous supplements to the complaint (ECF Nos. 5, 6, 8, 12, 27, 28).

Plaintiff makes the following complaints regarding the conditions under which he was confined at the MCCF: difficulty obtaining copies; being served spoiled milk; food portion are too small; cold meals; mattresses are not sanitized after each use and inmates are not provided sheets to cover the plastic coated mattresses; no outside recreation; no access to a law library; being charged more than 44 cents for stamps; being placed on lock down on August 9, 2010, by Sergeant Miller for "being racial" without a disciplinary charge or hearing; overcrowded conditions with inmates sleeping on the floor; not always getting a shower; having to leave outgoing mail unsealed; his legal mail was being opened outside his presence; the scheduled visitation days were inconvenient and resulted in fewer visitors; inadequate medical staff; outgoing mail did not reach its destination; being provided an insufficient supply of toilet paper; and his grievances were ignored or not responded to.

With respect to Ms. Shawn Holliverse, the commissary supervisor, Plaintiff alleges she: refused to provide him copies or receipts for the items he bought at commissary; raised the prices on various commissary items including charging forty-eight cents for stamps and sixty cents for a stamped envelope; and only allowed inmates with a certain amount of money on their books to have access to the commissary.

**2. Applicable Standard**

On a motion for judgment on the pleadings, a court applies the same standard as in a 12(b)(6) motion for failure to state a claim. *Glover v. Merck & Co., Inc.*, 345 F. Supp. 2d 994, 996 (D. Minn. 2004)(*citing St. Paul Ramsey County Medical Ctr. v. Pennington County, S.D.*, 857 F.2d 1185, 1187 (8th Cir. 1988)). Rule 8(a) contains the general pleading rules and requires a complaint to present "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "In order to meet this standard, and survive a motion to dismiss under Rule 12(b)(6), 'a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is

plausible on its face.'" *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009)(*quoting Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1940 (2009)).

"The plausibility standard requires a plaintiff to show at the pleading stage that success on the merits is more than a 'sheer possibility.'" *Braden*, 588 F.3d at 594 (*quoting Iqbal*, 129 S. Ct. at 1949). The standard does "not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation," or reasonable inference, that the "defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949; *see also Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)(While pro se complaints are liberally construed, they must allege sufficient facts to support the claims.).

### 3. Discussion

Other than being listed as a Defendant, Sheriff Stovall maintains there is no mention of him in either the complaint or the various supplements. As there are no specific factual allegations against him and he cannot be held liable on the basis of respondeat superior, Stovall maintains he is entitled to judgment as a matter of law.

I believe a plausible claim is stated. Sheriff Stovall has been sued in his official capacity. In that capacity he establishes the policies and procedures of the detention center. Plaintiff maintains a number of these policies or practices resulted in the deprivation of his constitutional rights. While Plaintiff does not specifically use the policy, custom, or practice terminology, he contends the way lock-downs are handled, grievances processed, etc., resulted in the deprivation of his federal constitutional rights.

In similar circumstances, courts have recognized that a plausible theory exists if the Plaintiff maintains the applicable grievance procedure impeded his ability to obtain adequate medical care. "Because [Sheriff Stovall] designed or oversaw the grievance procedure, the argument runs, [he]

may be held liable if it resulted in the denial of constitutionally adequate treatment. This is a plausible theory of the constitutional violation, and it fits comfortably under the rubric of deliberate indifference." *Langford v. Norris*, 614 F.3d 445, 464 (8th Cir. 2010). Sheriff Stovall similarly designed or oversaw the disciplinary procedure. At this stage, I cannot say no plausible theory exists as to Sheriff Stovall.

With respect to Miller, Defendants concedes a claim is stated for denial of Plaintiff's due process rights. However, they maintain no other claim against Miller is stated. I agree.

Finally, with respect to Holliverse, Defendants argue that no constitutional right is implicated by the cost on commissary items or the denial of a receipt for commissary purchase. I agree. A prisoner has "no constitutional right to purchase stamps as cheaply as possible." *Hardin v. Johnson*, 2008 WL 906489, *4 (N.D. Miss. Apr. 1, 2008). Similarly, "there is simply no legal basis for a demand that inmates be offered items for purchase at or near cost." *French v. Butterworth*, 614 F.2d 23, 25 (1st Cir. 1980). Additionally, inmates have no right of access to a commissary or gift shop. *Tokar v. Armontrout*, 97 F.3d 1078, 1083 (8th Cir. 1996). Nor is there any claim of constitutional dimension stated by the refusal to provide Plaintiff with a receipt.

### 4. Conclusion

For the reasons stated, I recommend that the motion for judgment on the pleadings (Doc. 31) be granted in part and denied in part. Specifically, I recommend the motion be granted with respect to all claims asserted against Charlotte Holliverse and any claims against Alice Miller with the exception of the denial of Due Process claim. In all other respects, the motion should be denied.

**The parties have fourteen (14) days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are**

**reminded that objections must be both timely and specific to trigger de novo review by the district court.**

   DATED this 27th day of June 2011.

                  /s/ Barry A. Bryant
                  HON. BARRY A. BRYANT
                  UNITED STATES MAGISTRATE JUDGE